IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00028-MR

| | |
|---|---|
| DASHAWN TYREK BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU THOMAS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. He names as Defendants in their individual and official capacities: FNU Thomas and John Doe, who are "regular officer[s];" and FNU Daves, a unit manager. [Doc. 1 at 2-3]. He asserts that the Defendants exposed him to inhumane conditions of confinement, i.e., "[s]erious deprivation of warmth, sanitation, and a substantial risk of serious harm from a deadly airbourn [sic] disease (COVID-19) in a cruel and unusual environment." [Id. at 3, 10]. As injury, he states "I did not receive any

treatment but I had cold chills for a week." [Id. at 5]. He seeks damages. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Complaint[1] contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551, 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

---

[1] Attached to the Complaint is a Letter in which the Plaintiff complains about various conditions at Alexander CI. [Doc. 1 at 13]. The only allegation in the Letter that appears to be directed at a Defendant in this case is a claim that Defendant Thomas violated the COVID-19 masking policy. [Id. at 14]. That claim will be discussed infra. Should the Plaintiff choose to amend, he must include all of his allegations in the Amended Complaint so that the Court can identify the claims he is attempting to raise.

3

The Plaintiff purports to sue the Defendants, who are state officials, in their individual and official capacities for damages. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims for damages against the Defendants in their official capacities do not survive initial review and will be dismissed with prejudice.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."

4

Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)).  Further, a plaintiff must allege and prove facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994).  A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

The Plaintiff alleges that Defendants Thomas and Doe transferred him to a new cell with "no blanket, no clothes, no sheets," which left him "freezing cold."  [Doc. 1 at 5, 12].  The Plaintiff alleges that he told Defendant Daves on November 5 that he had not had a blanket since November 2, and Daves told him to fill out a request form or go to "the hole" where there are plenty of blankets.  [Id. at 5, 12].  The Plaintiff received a blanket on November 7.  [Id. at 12].

The Plaintiff has failed to state a claim against Defendants Thomas and Doe because he does not allege that he ever asked them for a blanket or that they were aware a problem existed.  The Plaintiff has also failed to state a claim against Defendant Daves because failing to immediately provide him with a blanket does not rise to the level of a constitutional violation.  Although the lack of a blanket for several days may have been

5

uncomfortable, this condition is insufficiently severe, and the Plaintiff does not allege that any serious or significant physical or emotional injury resulted from the lack of a blanket. See Strickler, 989 F.2d at 1380 and n.4 (general allegations of mental stress are insufficient).

The Plaintiff further alleges that he did not have access to cleaning supplies for three hours after entering his new cell [Doc. 1 at 5, 12], and that Defendant Thomas did not wear a mask pursuant to COVID-19 policy [id. at 14]. The Plaintiff's allegations that the Defendants failed to provide the most optimal possible conditions during the COVID-19 pandemic, or that he would have preferred different protocols, are insufficient to state a claim. See Reinhardt v. Hogan, No. DCK-20-1011, 2021 WL 82894, at *6 (D. Md. Jan. 11, 2021) ("the Eighth Amendment is not violated when every conceivable protective measure is put into place to prevent the spread of a contagious disease and there are isolated lapses in implementation that cause no injuries."); see generally Daniels v. Williams, 474 U.S. 327, 328 (1986) (claims of negligence are the province of state law and do not support a constitutional claim). Nor is Defendant Thomas' alleged violation of policy sufficient to state a claim by itself. See Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the

6

Case 5:22-cv-00028-MR   Document 8   Filed 05/31/22   Page 6 of 8

alleged breach of policy rises to the level of constitutional violation"). Further, the Plaintiff has not sufficiently alleged that the brief delay in being able to clean his new cell, or Defendant Thomas' failure to wear a mask, caused him any serious or significant physical or emotional injury. See Strickler, 989 F.2d at 1380 and n.4.

The Plaintiff has failed to allege facts stating a plausible claim that any Defendant violated the Constitution with regard to the conditions of his confinement. Therefore, this claim will be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant. The § 1983 claims against the Defendants in their official capacities for damages are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely amend his Complaint in

accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The § 1983 claims against the Defendants for damages in their official capacities are **DISMISSED WITH PREJUDICE.**

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in the instant case in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: May 27, 2022

Martin Reidinger
Chief United States District Judge