IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00028-MR

| DASHAWN TYREK BROWN, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| FNU THOMAS, et al., | ) ORDER |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.   BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. The Complaint was dismissed on initial review, and the Plaintiff was given the opportunity to amend. [Doc. 8]. The Amended Complaint is now before the Court for initial review. [Doc. 10].

The Plaintiff names as Defendants in their individual and official capacities: William Thomas, Bruce McNemar, and John Doe,[1] who are correctional officers at Alexander CI; and FNU Huneycutt, the Alexander CI superintendent/warden. The Plaintiff asserts claims of "1st Amendment – retaliation, 8th Amendment – cruel and unusual punishment."[2] [Doc. 10 at 3]. As injury he claims that he "developed a severe cough and cold, weight loss, severe rashes on arm, back, legs that lasted for 2 or 3 weeks," he suffered emotional distress and "feared retaliation," and his depression medication was increased. [Id. at 5]. He seeks damages and a temporary restraining order. [Id.; Doc. 10-1 at 1].

## II.  STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against

---

[1] "FNU LNU" in the Amended Complaint. [Doc. 10 at 3].

[2] The Plaintiff alludes to "other claims not mentioned were expressed in the letter/petition" of "[d]eliberate indifference, substantial risk of serious harm from a deadly airborne disease and additional cruel and unusual punishment." [Doc. 10 at 12]. However, he was cautioned that he "must include all of his allegations in the Amended Complaint so that the Court can identify the claims he is attempting to raise." [Doc. 8 at 3, n.1]. His vague reference to claims that are not included in the Amended Complaint is insufficient to present those claims to the Court, and will be disregarded.

a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Amended Complaint contains allegations against individuals who are not named as Defendants. These claims are dismissed for the reasons discussed in the Order on initial review of the Complaint. [Doc. 8 at 3].

3

The Plaintiff names a John Doe correctional officer as a Defendant, but he makes no allegations against that individual. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Therefore, the claims against the John Doe correctional officer are dismissed without prejudice.

The Plaintiff again purports to sue the Defendants in their official and individual capacities. The official capacity claims were previously dismissed with prejudice, and they have been improperly reasserted. [Doc. 8 at 4]. They are dismissed with prejudice for the reasons discussed in the Order on initial review of the Complaint. [Id.].

The Plaintiff claims that: Defendants Thomas and McNemar "got mad" when he called them "lazy" and threatened to sue them during a cell transfer [Doc. 10 at 12]; Thomas and McNemar packed the Plaintiff's property because of his "smart mouth," and the Plaintiff asked them to make sure he receives his personal property, blanket, sheets, and clothing [id.]; the Plaintiff received his property several hours later, with no blanket, sheets, or clothing

4

Case 5:22-cv-00028-MR   Document 11   Filed 09/28/22   Page 4 of 9

[id.]; the Plaintiff finally received a bedroll five days later from another officer [id.]; Defendant Thomas retaliated against the Plaintiff for filing the instant lawsuit by writing him up for a disciplinary infraction [Doc. 10-1 at 2]; and Defendant Huneycutt "was notified of all claims and other problems with no positive result" [Doc. 10 at 8]. Taking the Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, he has stated a retaliation claim against Defendants Thomas and McNemar.

However, the Plaintiff has failed to state a retaliation claim against Defendant Huneycutt. A supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted). The Plaintiff's claims that Defendant Huneycutt was aware of "all claims," and that the Plaintiff received "no positive results," are too vague and conclusory to show deliberate indifference, tacit authorization, or an affirmative causal link. Therefore, the

supervisory retaliation claim against Defendant Huneycutt is dismissed without prejudice.

The Plaintiff reiterates his claims that he was exposed to unconstitutional conditions of confinement in that he was not given the opportunity to clean his dirty cell for several hours and did not have a blanket for five days. [Doc. 10 at 12]. As discussed the Order on initial review of the Complaint, these conditions are not adequately severe, and the Plaintiff has failed to plausibly allege that any Defendant was liable for violating his rights in this regard. [Doc. 8 at 5-6]. Accordingly, these claims are dismissed without prejudice.

Finally, the Plaintiff requests a temporary restraining order against Defendants Thomas and McNemar because Thomas stole legal work from his cell, and "they" will not let him out of the "hole" after completing his disciplinary time. [Doc. 10-1 at 1].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of

the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20. The Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Accordingly, his request for a temporary restraining order is denied.

## IV. CONCLUSION

In sum, the Plaintiff's retaliation claims have passed initial review against Defendants Thomas and McNemar in their individual capacities. The claims against the Defendants in their official capacities are dismissed with prejudice, and the individual and supervisory claims against the Defendant John Doe correctional officer and Defendant Huneycutt are dismissed without prejudice. The request for a temporary restraining order is denied.

In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule

7

Case 5:22-cv-00028-MR   Document 11   Filed 09/28/22   Page 7 of 9

4.3 for Defendants Thomas and McNemar, who are alleged to be current or former employees of NCDPS.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 10] passes initial review against Defendants Thomas and McNemar for retaliation in their individual capacities.

2. The claims against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE**.

3. The claims against the Defendant John Doe correctional officer and Defendant Huneycutt in their individual and supervisory capacities are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff's request for a temporary restraining order is **DENIED**.

5. The Clerk shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Thomas and McNemar, who are alleged to be current or former employees of NCDPS.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

8

Case 5:22-cv-00028-MR   Document 11   Filed 09/28/22   Page 8 of 9

**IT IS SO ORDERED.**

Signed: September 28, 2022

Martin Reidinger
Chief United States District Judge