# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:22-cv-00028-MR

| | |
|---|---|
| DASHAWN TYREK BROWN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WILLIAM THOMAS, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court *sua sponte*.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. The Plaintiff was notified upon commencing this action that it is his "responsibility to keep the Court advised of his … current address at all times" and that the failure to do so may result in this action's dismissal for lack of prosecution. [Doc. 3 at 2].

On October 11, 2022, mail addressed to the Plaintiff at the Alexander CI was returned as undeliverable. [Doc. 15 (envelope stamped "Return to Sender – Addressee no longer at this address")]. A review of NCDPS's

website reflects that the Plaintiff was released from NCDPS on September 22, 2022, and that his present status is "POST RELEASE."[1]

On October 28, 2022, the Court ordered the Plaintiff to update his address of record and to inform the Court whether he intends to proceed with this action, within 10 days. [Doc. 16]. The Plaintiff was cautioned that "[f]ailure to comply with this Order will result in dismissal of this action without prejudice and this case's closure without further notice." [Id. at 2]. The Order was mailed to the Plaintiff at his address of record at the Alexander CI. The envelope was returned with a notation "Return to Sender, Addressee no longer at this address; Paroled." [Doc. 17]. The Plaintiff has failed to respond to the October 28 Order, and the time to do so has expired.

The Plaintiff appears to have abandoned this action and the Court is unable to proceed. This case will, therefore, be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal,

---

[1] https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1397350&searchOffenderId=1397350&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Nov. 10, 2022).

2

Case 5:22-cv-00028-MR   Document 18   Filed 11/21/22   Page 2 of 3

Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: November 21, 2022

Martin Reidinger
Chief United States District Judge